**Edward NICASTRO, Plaintiff–Appellant,**

v.

**NEW YORK CITY DEPARTMENT OF DESIGN AND CONSTRUCTION, Defendant–Appellee.**

No. 04–2134.

United States Court of Appeals, Second Circuit.

March 14, 2005.

Edward Nicastro, Brooklyn, NY, for Appellant, pro se.

Susan Choi–Hausman, Assistant Corporation Counsel, City of New York Law Department, New York, NY, for Appellee.

Present: OAKES, KEARSE, and SACK, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

Edward Nicastro appeals, *pro se*, from a judgment of the United States District Court for the Eastern District of New York (Nicholas G. Garaufis, *Judge*), granting summary judgment in favor of the defendant-appellee in an action brought by Nicastro under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e *et seq.*

We review a district court's grant of summary judgment *de novo*, "draw[ing] all reasonable inferences against the party whose motion is under consideration" where cross-motions for summary judgment are filed, *Boy Scouts of America v. Wyman*, 335 F.3d 80, 88 (2d Cir.2003) (internal quotation marks and citation omitted). Summary judgment is proper "if ... there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

Upon review of the record and the applicable law, we affirm for substantially the reasons stated by the district court.

We note at the outset that Nicastro appeals from the district court's decision only as to his retaliation claim. Nicastro has failed to meet his burden—which, to survive a summary judgment motion, is "de minimis," *Slattery v. Swiss Reinsurance Am. Corp.*, 248 F.3d 87, 94 (2d Cir. 2001) (internal quotation marks, citation, and brackets omitted)—of establishing a *prima facie* case of retaliation, because he has not shown a causal connection between his protected activity and the subsequent adverse employment action taken against him. Nicastro was subject to adverse employment actions well before he engaged in protected activity, and his demotion and salary reduction occurred almost ten months after this activity. Although "temporal proximity can demonstrate a causal nexus," *id.* at 95, such proximity must be close, *see Cifra v. G.E. Co.*, 252 F.3d 205, 217 (2d Cir.2001). And "[w]here timing is the only basis for a claim of retaliation, and gradual adverse job actions began well before the plaintiff had ever engaged in any protected activity, an inference of retaliation does not arise," *Slattery*, 248 F.3d at 95. Moreover, even if a *prima facie* case were established, Nicastro has failed to offer sufficient evidence to raise a genuine issue as to whether the legitimate non-retaliatory reasons given by the defendant-appellee for the ultimate adverse action were pretextual.

We have reviewed Nicastro's other contentions and find them to be without merit. The judgment of the District Court is hereby AFFIRMED.